UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JASMINE KELSEY WILLIAMS, | ) | No. 2:18-cv-00294-JDE |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER TO SHOW CAUSE RE: DISMISSAL FOR FAILURE TO PROSECUTE AND VIOLATIONS OF COURT ORDERS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

On January 12, 2018, Plaintiff Jasmine Kelsey Williams ("Plaintiff") filed a complaint seeking review of a denial of benefits by the Commissioner of Social Security. Dkt. 1. Following consents filed by each party, the case was reassigned to the undersigned for all further proceedings. Dkt. 18, 26, 27.

On January 17, 2018, the Court issued an Order (Dkt. 8, "CMO"), setting forth the procedures and deadlines in the action. The parties were ordered to cooperate in the preparation of a joint submission regarding the issues to be decided, with various deadlines trigged by the filing of the Commissioner's answer. CMO at 1. The Commissioner filed her answer on July 20, 2018. Dkt. 20. Under the CMO, Plaintiff was ordered to provide her

portion of the joint stipulation to counsel for the Commissioner 35 days later – that is, by August 24, 2018. CMO at 1. The CMO provided that "Plaintiff's attorney is responsible for providing Plaintiff's portions of the joint submission to government counsel in a timely manner," and advised that the "Court will consider a full range of remedial actions for violative conduct." Id. at 2.

Plaintiff did not provide her portion of the joint submission to counsel for the Commissioner by August 24, 2018 or seek additional time in which to do so from the Court prior to the deadline passing. Instead, more than three weeks after compliance was due, on September 17, 2018, Plaintiff submitted a stipulation seeking an extension to October 9, 2018 in which to provide her portion of the joint submission to the Commissioner, which the Court granted the same day. Dkt. 22, 23.

Plaintiff did not provide her portion of the joint submission to counsel for the Commissioner by October 9, 2018 or seek additional time in which to do so from the Court prior to the deadline passing. Instead, three weeks after compliance was due, on October 30, 2018, Plaintiff submitted another stipulation seeking an extension of two days—to November 1, 2018—in which to provide her portion of the joint submission to the Commissioner, which the Court granted the next day. Dkt. 24, 25.

Plaintiff did not provide her portion of the joint submission to counsel for the Commissioner by November 1, 2018 or seek additional time in which to do so from the Court prior to the deadline passing. Instead, more than eight weeks after compliance was due, on December 28, 2018, Plaintiff submitted yet another stipulation seeking an extension to January 11, 2019 in which to provide her portion of the joint submission to the Commissioner, which the Court granted the same day. Dkt. 29, 30. However, based upon the number of extensions, and the more than 175 days that would have passed from the filing

of the answer until January 11, 2019, the Court ordered that "no further extensions shall be granted absent a showing of extraordinary good cause" and directed that any further request for an extension "shall be made prior to the expiration of the deadline at issue." Dkt. 30 at 2.

Plaintiff did not provide her portion of the joint submission to counsel for the Commissioner by the date she requested or seek additional time in which to do so from the Court prior to the deadline passing. Instead, four weeks after compliance was due,[1] at 4:00 p.m. on Friday, March 1, 2019, Plaintiff submitted a stipulation seeking an extension to March 11, 2019 in which to provide her portion of the joint submission to the Commissioner because Plaintiff's counsel "needs the additional time because of overwhelming heavy workload due to delays because of multiple medical problems with ongoing treatment." Dkt. 33 at 1-2. Plaintiff made no reference to the Court's January 11, 2019 order that no further extensions would be granted absent a showing of extraordinary good cause made prior to the expiration of the deadline at issue.

Despite Plaintiff's repeated failures to comply with Court-ordered deadlines and directives, on Monday, March 4, 2019, the Court amended the CMO to require the parties to file cross-motions for judgment, rather than a joint submission, and granted Plaintiff until March 11, 2019, the date she requested to prepare her portion of the joint submission, to file her motion for judgment—a vehicle substantively identical to providing her portion of a joint submission. Dkt. 34. The Court found Plaintiff's request for an extension was

---

[1] For twenty days—from January 8, 2019 until January 28, 2019, the case was stayed upon the application of the Commissioner during the federal government partial shutdown. See Dkt. 32. Those twenty days are not counted against Plaintiff.

3

not supported by good cause and further found that the record of missed deadlines and belated requests for extensions was not consistent with the dictates of Rule 1 of the Federal Rules of Civil Procedure. The Court also recited that Rule 41(b) of the Federal Rules of Civil Procedure authorized the Court to dismiss an action for failure to prosecute an action or failure to comply with a Court order, citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–30 (1962) (holding that Rule 41(b) "expressly recognized" the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute"). <u>See</u> Dkt. 34 at 2-3, 5.

Lastly, in its March 4, 2019 Order, the Court stated:

> Despite more than seven months since the filing of the Administrative Record and multiple late requests for relief from Plaintiff's failure to comply with Court-ordered deadlines, by this Order, the Court nonetheless uses the date that Plaintiff requested for the preparation of her position under former paragraph 5 of the CMO. As a result, no further extension for the filing of Plaintiff's motion shall be granted. **A failure by Plaintiff to timely comply with her obligations in this action will be construed as a further failure to prosecute this action and a failure to comply with court orders, subjecting this case to <u>sua</u> <u>sponte</u> dismissal under Federal Rule of Civil Procedure 41(b).**

Dkt. 34 at 5 (bold added).

Plaintiff did not file her motion for judgment by March 11, 2019.

Plaintiff was cautioned of the potential consequences for a further failure to comply with a Court order – her fifth such violation. Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal "[i]f the plaintiff fails to

4

prosecute or to comply with these rules or a court order." In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999).

Here, the first and second Carey factors weigh in favor of dismissal, as this matter has been pending for more than a year, and Plaintiff has not yet set forth the legal and factual basis for her claims of error below, or even specifically identified those claims of error, despite being required to do so initially by August 24, 2018, more than 205 days ago. As the Commissioner had stipulated to each of the prior extensions, the Court has no basis to find any basis of prejudice to the Commissioner, so the third factor is neutral or counsels against dismissal. As to the fourth factor, the Court notes Plaintiff is challenging a final decision of the Commissioner following a hearing before an administrative law judge and a denial of a request for review by an Appeals Council (Complaint at 2), so Plaintiff has had procedures for the consideration of the merits of her disability claims. Further, a dismissal here would be without prejudice, meaning a dismissal, in and of itself, would not prevent a future further consideration of the case on the merits, subject to other potential defenses that could be raised as a result of such a dismissal. As a result, the fourth Carey factor, which counsels against dismissal in almost all situations, does so less strongly here than in the typical case. Lastly, in considering the final Carey factor, the availability of less drastic sanctions, here, after the third violation of the Court's scheduling orders, the Court imposed a less drastic

sanction of striking Plaintiff's right to include a reply portion of the joint submission, and after the fourth violation, the Court amended the CMO to require direct filing of cross-motions for judgment, all in order to provide lesser sanctions and to encourage Plaintiff to prosecute her case in a timely manner. The lesser sanctions were for naught, as Plaintiff instead simply ignored the Court's orders, for the fourth and fifth times. Were there some indication that Plaintiff intended to comply with this action, or prosecute the case, perhaps some other lesser sanction would be appropriate. But after five failures to comply with the most basic requires necessary to prosecute an action, that is, setting forth one's legal and factual position, and multiple attempts at lesser sanctions, it is apparent to the Court that no lesser sanctions are warranted.

Therefore, the <u>Carey</u> factors in the context of this action, considered in their totality, counsel in favor of dismissal of the action for repeated failures to comply with court orders and failure to prosecute.

However, the Court will not dismiss the action at this time but will instead afford Plaintiff one final opportunity to, by no later than <u>noon on Friday, March 22, 2019</u>, either: (1) comply with the Court's March 4, 2019 Order (Dkt. 34) by filing a compliant motion for judgment; or (2) show good cause in writing why this case should not be dismissed for the documented failure to prosecute and failures to comply with Court orders set forth above, showing good cause supported by admissible evidence for each such failure.

IT IS SO ORDERED.

Dated: March 18, 2019

_____
JOHN D. EARLY
United States Magistrate Judge